Olivier and others v. Becnel.

That if the conrt would ask themselves what corroborating circumstances would be admissible, under the rule they seem disposed to adopt, they will find that rule in most cases impracticable, and subversive, as it may be in this, of the great ends of justice.

*Re-hearing refused.*

---

DAVID OLIVIER and others *v.* PIERRE CLIDAMAND BECNEL.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Labauve,* for the plaintiffs.

*Grima* and *L. Janin,* for the appellant.

MORPHY, J. This suit is brought to recover cerlain balances respectively due to the petitioners, on claims for which, it is alleged, that, in July, 1835, they granted to the defendant a respite of from one to six years, to be computed from the 20th of April, 1835 ; and they annex to their petition the notarial act showing the terms and conditions under which such respite was granted. They represent that the time then granted to the defendant, has expired since the 21st of April, 1841, and that during its continuance, they received in part payment certain sums, leaving the amounts claimed yet due to them, and for which they pray for judgment. The general issue was pleaded. There was a judgment below in favor of the plaintiffs, and the defendant has appealed.

In this court it was urged, on the part of the defendant, that pursuant to the terms of the respite he, sent each year his crop of sugar to an agent appointed by the petitioners to be sold ; and that the petitioners are without any right of action against him, until they shall have rendered an account, showing the amount produced by the property. To this it would perhaps be sufficient to answer, that no such defence was pleaded below ; but on examining the act of respite, we find in it a provision making it the duty of the agent selected by the creditors, to keep an exact account of the crops forwarded each year, and reserving to the de-

fendant the right of calling for, and receiving from the agent, a certified copy of the tableau of distribution of the funds realized by the sale of the crops. It is not shown or pretended, that the agent ever refused to render this annual account to the defendant. Nothing would have been easier than for the latter to have shown, if such had been the fact, that his creditors had received from the sale of his sugar, larger sums than they acknowledged to have received.

*Judgment affirmed.*